UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZAKIA BROWN, On behalf of herself and others
similarly situated

        Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit Corporation,

        Defendant.

_____/

CASE NO.:

FLSA COLLECTIVE ACTION

### **COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiff, ZAKIA BROWN ("Plaintiff"), on behalf of herself, and other similarly situated employees, by and through their undersigned counsel, and sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant" or "Sedgwick"), and in support state as follows:

### **Jurisdiction and Venue**

1.     This is an action for damages by Plaintiff, on behalf of herself and other similarly situated employees, against their employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to, 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

## Parties and Factual Allegations

3.      This is an action for violations of the FLSA brought by Plaintiff, and on behalf of, current and former employees of Defendant, as well as other similarly situated employees.

4.      Plaintiff, ZAKIA BROWN has been employed by Defendant from on or around August 1, 2017, through on or around October 2018, was paid hourly, and processed disability claims during the relevant period for this instant action.

5.      Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e).

6.      Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

7.      Defendant is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida. Defendant also operates businesses that employ the Covered Employees in other states which include, but are not limited to, Arizona, Arkansas, California, Connecticut, Georgia, Hawaii, Illinois, Indiana, Kansas, Minnesota, Missouri, Nevada, New York, North Carolina, Ohio, Pennsylvania, Tennessee, Texas, Utah, and West Virginia.

8.      Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

9.      Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

10.     As used in this pleading, the term "Class" and "Covered positions" refers to all current, former, and future hourly (non-exempt) employees who process and/or processed disability claims, and/or any employee who performed substantially the same work as Plaintiff; and who was and/or is employed during the relevant time for this instant action, including any time during which the statute of limitation was or may have been tolled or suspended.

11.     At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and other Covered Employees.

12.     On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

13.     At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

14.     Defendant employs hundreds or thousands of similarly situated employees throughout the United States now and during all relevant time periods.

15.     Other employees who worked for Defendant throughout the United States, and who are members of the class as defined herein, were subjected to the same and/or similar policies and practices and have sustained similar losses in compensation.

16.     At all relevant times Plaintiff and Covered Employees are, and have been, similarly situated. Plaintiff had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; and, (2) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other potential Plaintiffs.

17.     Plaintiff sustained damages from Defendant's failure to pay overtime compensation.

17.     Plaintiff sustained damages from Defendant's failure to pay overtime compensation.

18.     Plaintiff retained LYTLE & BARSZCZ to represent them in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

### COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

19.     Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 18 above, as if fully set forth herein.

20.     During the relevant statutory period, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

21.     Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

22.     Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff is and/or was entitled to overtime compensation.

23.     Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

24.     Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

25.     As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

4

26.     Plaintiff retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm attorneys' fees for its services.

WHEREFORE Plaintiff, on behalf of herself and other similarly situated employees, demand judgment against Defendant for the following:

A.  Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiff as representative of this FLSA Collective Action;

C.  That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D.  That all past and present members of the Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

E.  Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F.  That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G.  Unpaid overtime proven to be due and owing;

H.  An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I.  Pre- and post-judgment interest as allowed by law;

J.  Attorneys' fees and costs; and

K.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demand a jury trial on all issues so triable.

Respectfully submitted this 16th day of August 2019.

/s/
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2019, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system.

/s/
**Counsel for Plaintiff**