UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZAKIA BROWN,

    Plaintiff,

v.                                                      CASE NO.: 6:19-cv-1531-Orl-40GJK

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., a Foreign for Profit Corporation,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND MOTION TO DISMISS THE CASE WITH PREJUDICE
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, ZAKIA BROWN, and Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. ("Defendant" or "Sedgwick") (Plaintiff and Defendant are collectively the "Parties"), by and through their undersigned counsel jointly request that this Court approve the Parties' settlement and dismiss the above captioned matter with prejudice.

**BACKGROUND**

In the instant action, Plaintiff claims entitlement to unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendant disputes Plaintiff's claims. In order to avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of this matter. A copy of the Settlement Agreement is attached as Exhibit A. The Parties now seek approval for the settlement of the Plaintiff's FLSA claims from the Court.

1

# MEMORANDUM OF LAW

I. **FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE**

    A. **The Settlement is Reasonable and Fair.**

Pursuant to the case law of this Circuit, judicial review and approval of this tentative settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,*

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

The Court should approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (i) the existence of fraud or collusion behind the settlement:
> (ii) the complexity, expense, and likely duration of the litigation;
> (iii) the stage of the proceedings and the amount of discovery completed;
> (iv) the probability of plaintiffs' success on the merits:
> (v) the range of possible recovery; and
> (vi) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3

(M.D. Fla. Jan. 8, 2007). *See also Hill v. Florida Industrial Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.*, No. 6:05-cv-1247-Orl-JGG, 2006 U.S. Dist. LEXIS 22066, at *4 (M.D. Fla. Apr. 12, 2006). The Court should apply the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS 10287, at * 2-3. *See also Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

  **B.**  **The Relevant Criteria Support Final Approval of the Settlement.**

    i. <u>There is no fraud or collusion behind the settlement.</u>

First, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Plaintiff was represented by Mary E. Lytle, Esq. and David V. Barszcz, Esq. of Lytle and Barszcz, P.A. Defendant was represented by Robin A. Wofford, Esq., Katherine M. McCray, Esq., Hang Alexandra Do, Esq., and Nicole R. Roysdon, Esq., of Wilson Turner Kosmo LLP; and, Chad K. Lang, Esq., of Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP. All of the counsel involved have extensive experience litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights.

As discussed further below, the amounts to be paid to Plaintiff are fair and the amount paid to her counsel is reasonable in light of the dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate her claims.

3

> ii. <u>The complexity, expense, and length of future litigation support the reasonableness of this settlement.</u>

The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Plaintiff contends that during her employment with Defendant, she worked, three hundred and twenty-four (324) hours of overtime for which she was not compensated. Defendant contends that Plaintiff recorded her own time worked and was compensated for all the hours that she recorded on her timesheets. Defendant also contends that it was not aware and had no reason to believe that Plaintiff had worked hours for which she was not compensated. If this case is litigated further, Plaintiff will bear the burden of proving that she performed work for which she was not properly compensated. *See Reyna v. Conagra Foods, Inc.*, No. 3:04-cv-39, 2006 U.S. Dist. LEXIS 89690, at *10 (M.D. Ga. 2006), *citing Anderson v. Mt. Clemens Pottery Co.*, 382 U.S. 680, 687, 66 S.Ct. 1187, 90 L. Ed. 1515 (1946).

Defendant, in turn, will have to prove that it kept accurate records of Plaintiff's wages, hours, and other conditions and practices of employment, and that it paid her appropriate wages for any overtime hours worked. *See Jackson v. Corr. Corp. of Am.*, No. 14-11010, 2015 U.S. App. LEXIS 5193, at *16-17 (citing *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007)). Should this matter proceed, the Parties will bear the substantial expense of litigating these disputed issues. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

> iii. <u>There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.</u>

The next factor the court should consider is the stage of the proceedings and the amount of discovery completed. Prior to an FLSA Scheduling Order being issued in this case, Plaintiff served discovery requests and a 30(b)(6) notice; thereafter, the parties exchanged documents and information relevant to the calculation of Plaintiff's alleged damages; and, the parties engaged in

informal negotiations over a period of three months. Plaintiff also amended her complaint after this additional discovery. Substantial work and effort was made on behalf of the parties to exchange information regarding Plaintiff's hours worked and compensation, and to engage in discovery, and in discussions pertaining to the claims and defenses. In agreeing upon the proposed settlement, the Parties exchanged sufficient information to allow them to make an educated and informed analysis and conclusion.

    iv. <u>Plaintiff's probability of success on the merits is uncertain.</u>

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. Plaintiff asserted that she worked 324 overtime hours for which she was not compensated. Plaintiff's highest hourly rate with Defendant was $22.05; therefore, the amount of overtime allegedly owed to Plaintiff was $10,716.30. Plaintiff also alleged that she was owed liquidated damages, which Defendant denied were warranted, asserting that Plaintiff was paid for all overtime hours she reported, and that Defendant at all times acted in good faith. Defendant also believed it could present credible evidence that Plaintiff was not working for all the time she claimed to be working.

    v. <u>Plaintiff's range of possible recovery is uncertain.</u>

Even if Plaintiff prevails on the issue of whether she worked unpaid overtime, range of recovery is uncertain. Although Plaintiff claims to have worked 324 overtime hours for which she was not compensated, Defendant produced timesheets and payroll records evidencing that Plaintiff was paid for overtime hours worked, and that if she was not paid for overtime, it was because she did not report the time worked and therefore, Defendant was unaware of any additional overtime hours. In the absence of records the fact finder would have to rely in large part on the credibility of witnesses to make a determination. In light of the uncertainty of the amounts, if any, Plaintiff

would recover if she were to continue litigating her claims, the Court should find that the settlement is fair and reasonable.

      vi. <u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>

  Finally, all Parties were represented by counsel who have extensive experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that their recovery is a fair and reasonable settlement of a bona fide dispute.

  **C.** **The "Compromise" of Plaintiff's FLSA Claim is Reasonable.**

  There is a *bona fide* issue as to whether Plaintiff worked "off the clock" overtime hours each week while employed with Defendant. Plaintiff contends, and Defendant denies, that she worked off the clock after her scheduled work period. The settlement is a fair resolution of a *bona fide* dispute because both Parties risk the possibility that the Court or a jury would find against them should this matter proceed to trial.

  Additionally, Plaintiff did not unfairly "compromise" her claim. Plaintiff claimed she worked 324 hours of overtime without being compensated. At Plaintiff's highest hourly rate of $22.05, her unpaid overtime owed would be $10,716.30. In the settlement Plaintiff will receive the total amount of $12,000.00, which is $1,283.70 more than the overtime allegedly owed to Plaintiff. Defendant asserted a good faith defense; therefore, there was a risk in moving forward with litigation that Plaintiff may not have received liquidated damages. Thus, receiving more than her alleged unpaid overtime even if it was not all her alleged overtime and liquidated damages was a fair compromise for Plaintiff. Considering these factors and the amount Plaintiff is receiving, the settlement amount represents a reasonable compromise by the Parties in the interest of mutual avoidance of the inherent risk involved in pursuing litigation.

### D. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7 (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel, were negotiated separately from and without regard to the settlement sums being paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). The Parties negotiated attorney's fees and costs separately from the Plaintiff's recovery and agree that the attorneys' fees are fair and reasonable.

### **CONCLUSION**

As demonstrated above, the settlement terms are fair, reasonable and adequate. The Parties' FLSA settlement does not include a general release, confidentiality provision or non-disparagement provision. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the

settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the settlement agreement if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement; (ii) APPROVE the settlement outlined in this motion and the attached settlement agreement; and (iii) DISMISS this case with prejudice.

Respectfully submitted March 27, 2020.

| | |
|---|---|
| /s/Mary E. Lytle<br>Mary E. Lytle<br>Florida Bar No. 0007950<br>David Barszcz<br>Florida Bar No. 0750581<br>Lytle & Barszcz<br>533 Versailles Dr., 2nd Floor<br>Maitland, FL 32751<br>Telephone: (407) 622-6544<br>Facsimile: (407) 622-6545<br>mlytle@lblaw.attorney<br>dbarszcz@lblaw.attorney<br><br>Attorneys for Plaintiffs | /s/ Robin A. Wofford<br>Robin A. Wofford, Esq. (pro hac vice)<br>California Bar No. 137919<br>Katherine M. McCray<br>Florida Bar No. 1017606<br>Hang Alexandra Do, Esq. (pro hac vice)<br>California Bar No. 305839<br>Nicole R. Roysdon, Esq. (pro hac vice)<br>California Bar No. 262237<br>WILSON TURNER KOSMO LLP<br>402 West Broadway, Suite 1600<br>San Diego California 92101<br>Tel: 619-236-9600<br>Fax: 619-236-9669<br>E-mail: rwofford@wilsonturnerkosmo.com<br>E-mail: kmccray@wilsonturnerkosmo.com<br>E-mail: hdo@wilsonturnerkosmo.com<br>E-mail: nroysdon@wilsonturnerkosmo.com<br><br>/s/ Chad K. Lang<br>Chad K. Lang, Esq.<br>Florida Bar No. 156922<br>SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP<br>201 Alhambra Circle, Ste. 1205<br>Coral Gables, FL 33134<br>Tel: (305) 377-1000<br>E-mail: clang@smgqlaw.com<br><br>Attorneys for Defendant<br>Sedgwick Claims Management Services, Inc. |